UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL TAYLOR,

                              Plaintiff,            ***COMPLAINT AND JURY DEMAND***

     -against-

CITY OF NEW YORK, individually and in their official capacities as New York City police officers, RICHARD ALVAREZ, ANTHONY CHOW, FERNANDO BONILLA, THOMAS FABRIZI, and JOHN or JANE DOES 1-10,

ECF CASE
Docket No.

                             Defendants.
------------------------------------------------------------------X

Plaintiff, MICHAEL TAYLOR, by his attorneys, Sim & DePaola, LLP, for his complaint against the above Defendants, City of New York, Richard Alvarez, Anthony Chow, Fernando Bonilla and John or Jane Doe 1-10, individually and in their capacities as New York City police officers alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §§ 1983 and 1988 for the violations of his civil rights protected by Constitution of the United States and the Constitution and laws of the State of New York.

2. Plaintiff's claims arise from an August 31, 2016 incident, in which Defendants, acting under color of state law, arrested, detained, assaulted and battered Mr. Taylor. As a result, Mr. Taylor was deprived of his liberty and suffered serious physical and psychological injuries.

3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court may deem just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of supplemental jurisdiction.

## VENUE

6. Venue is laid within the Southern District of New York in that Defendant, City of New York, is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff Michael Taylor ("Mr. Taylor") resides at 1725 Saint Marks Avenue, Brooklyn, New York 11226.

8. The Defendant City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.

9. At all times relevant hereto, Defendant City, acting through the New York City Police Department (or "NYPD") was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives and supervisory officers as well as the individually named Defendants herein.

10.     In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

11.     Defendant Richard Alvarez ("Alvarez") was, at all times here relevant, a police officer and/or detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Alvarez was, at all times relevant herein, a Police Officer and/or detective under Shield No. 1415, Tax Id. 921051, at Manhattan North Narcotics located at 1 Police Plaza, New York, NY 10038. Defendant Alvarez is being sued in his individual and official capacities.

12.     Defendant Anthony Chow ("Chow") was, at all times here relevant, a police officer and/or detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Chow was, at all times relevant herein, a detective under Shield No. 7025, Tax Id. 932462, at Criminal Enterprise Division located at 1 Police Plaza, New York, NY 10038. Defendant Chow is being sued in his individual and official capacities.

13.     Defendant Fernando Bonilla ("Bonilla") was, at all times here relevant, a police officer and/or detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Bonilla was, at all times relevant herein, a detective under Shield No. 2196, Tax Id No. 947717, at 1 Police Plaza, New York, NY 10038. Defendant Bonilla is being sued in his individual and official capacities.

14.     Defendant Thomas Fabrizi ("Fabrizi") was, at all times here relevant, a police officer, lieutenant and/or detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Fabrizi was, at all times

relevant herein, a Commander under Tax Reg. No. 938464, at 20th Squad located at 120 West 82nd Street, New York, NY 10024. Defendant Fabrizi is being sued in his individual and official capacities.

15. At all times relevant Defendants John or Jane Does 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the true names and/or tax registration numbers of Defendants John or Jane Does 1 through 10 but is within knowledge of the defendants.

16. At all times relevant herein, Defendants John or Jane Does 1 through 10 were acting as agents, servants and employees of the City of New York, the NYPD. Defendants John or Jane Does 1 through 10 are being sued in their individual and official capacities.

17. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

18. Within 90 days of accrual dates for these claims, Plaintiff timely filed a written notice of claim with the New York City Office of the Comptroller.

19. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

20. Plaintiff has complied with municipal defendant's request for an oral examination pursuant to Section 50-H of the New York General Municipal Law and/or the Public Authorities Law and/or no such request was made within the applicable period.

21. This action has been commenced within one year and ninety days from the relevant accrual dates.

## FACTUAL CHARGES

22. On August 31, 2016, at approximately 7:45 p.m., Mr. Taylor was standing outside the train station in the vicinity of 210 West 103rd Street, County of New York, City and State of New York.

23. On said date, time and location, Mr. Taylor was finishing his cigarette prior to entering the nearby subway station.

24. As Mr. Taylor was finishing his cigarette, a woman unknown to Mr. Taylor at the time, Deborah Gasparro, who appeared intoxicated and homeless, approached Mr. Taylor and requested one (1) dollar of United States Currency from him.

25. Mr. Taylor attempted to acquiesce to the woman's request by handing her a dollar, but was stopped, seized, searched and arrested by Defendant Chow prior to handing over the dollar.

26. Defendant Chow arrested Mr. Taylor for an alleged Criminal Sale of a Controlled Substance, namely crack cocaine.

27. Mr. Taylor never sold or gave Ms. Gasparro, or any other individual, a controlled substance of any kind on the date alleged by defendants.

28. Mr. Taylor was never in possession of any controlled substances or any illegal drug paraphernalia.

29. Defendant Chow was directed to stop, search, detain and arrest Mr. Taylor by Defendant Alvarez.

30. Defendant Alvarez directed Defendant Chow to stop and arrest Mr. Taylor because Defendant Alvarez claimed that he observed Mr. Taylor hand Ms. Gasparro an unknown small item.

31. Defendant Alvarez also claimed that he personally observed Ms. Gasparro hand Mr. Taylor an unknown sum of United States Currency.

32. Mr. Taylor never received any sum of United States Currency from Ms. Gasparro.

33. No objects, of any kind, were ever exchanged between Mr. Taylor and Ms. Gasparro.

34. Defendant Chow proceeded to search the person of Mr. Taylor on the street, falsely claiming that he recovered multiple empty zip-loc plastic bags.

35. Mr. Taylor was never in possession of any zip-loc plastic bags, empty or otherwise.

36. Defendants, including Alvarez, Chow, and Bonilla, committed multiple assault and batteries to claimant's body including but not limited to placing plaintiff into handcuffs.

37. Despite the complete absence of probable cause and reasonable suspicion to stop, question, detain, search or arrest Mr. Taylor, defendants, including Alvarez, Chow, Bonilla and Fabrizi, proceeded with the obviously unlawful arrest.

38. Defendants never possessed a valid arrest warrant authorizing the arrest of Mr. Taylor.

39. Defendants, including Alvarez, Chow, and Bonilla, fabricated a completely specious narrative regarding the events leading up to Mr. Taylor's arrest, namely that Mr. Taylor handed Ms. Gasparro an unknown item for a sum of United of States Currency, while being fully aware that no such transaction or event ever occurred.

40. Defendants, including Alvarez, Chow, and Bonilla, intentionally targeted Mr. Taylor to be arrested without probable cause, because they knew that Mr. Taylor was recently paroled.

41. Defendants, including Alvarez, Chow, and Bonilla, were fully aware that Mr. Taylor's parole conditions would be violated if he had any negative police contact.

42. Defendant Fabrizi approved the arrest the of Mr. Taylor, despite the clear lack of any probable cause to believe that a crime was committed, as Defendant Alvarez admitted that the object he claimed to have observed being exchanged was indiscernible.

43. Subsequent to his arrest, Mr. Taylor was driven around in a police van for several hours, while the defendants searched for other arrest targets.

44. Eventually, Mr. Taylor was taken to the 24th NYPD precinct, where he was criminally processed by defendants, including Alvarez, Chow, Bonilla and Fabrizi.

45. At the precinct, Mr. Taylor was subjected to an unlawful and incredibly invasive strip-search and cavity inspection by Defendants Alvarez and Bonilla, recovering nothing.

46. Plaintiff was never observed secreting or attempting to secret any contraband within his person and defendants possessed no other indicia to justify a strip-search and cavity inspection of Mr. Taylor's person.

47. Defendant Alvarez was Mr. Taylor's arresting officer, under arrest No. M16660322 and Docket No. 2016NY052857.

48. Defendants, including Alvarez, Chow, and Bonilla, were fully aware that Plaintiff did not commit any crime, but knowingly and intentionally chose to state otherwise to justify and excuse an otherwise invalid arrest.

49. Then Mr. Taylor was put in a cell and illegally fingerprinted and photographed in the precinct.

50. Mr. Taylor was sent to central booking for a crime he did not commit.

51. Mr. Taylor did not commit any crimes or violations of the law.

52. Defendants, including Alvarez, Chow, and Bonilla, intentionally provided said false information to the New York County District Attorney's Office, so that a criminal prosecution

would be initiated against Mr. Taylor, namely that he committed Criminal Sale of a Controlled Substance in the Third Degree and Criminally Using Drug Paraphernalia in the second degree.

53. At no point did Defendants, including Alvarez, Chow and Bonilla, ever observe Mr. Taylor commit any crime or offense.

54. At no point were the defendants, including Alvarez, Chow and Bonilla, ever told by any witnesses that Mr. Taylor committed any crime or violation of the law.

55. Defendants, including Alvarez, Chow and Bonilla, had no probable cause or reasonable suspicion to arrest, detain or stop Mr. Taylor.

56. Defendants, including Alvarez, Chow and Bonilla, never possessed probable cause to believe a prosecution would succeed against Plaintiff, or that Plaintiff was guilty of any crime.

57. While Plaintiff was unlawfully detained, Defendants, including Alvarez, Chow and Bonilla, acting with malice, conveyed the aforementioned false, misleading and incomplete information to prosecutors in order to have Plaintiff prosecuted for criminal sale of a controlled substance and other violations.

58. Defendants never possessed a legally issued warrant for plaintiff's arrest.

59. Defendants, including Alvarez, Chow and Bonilla, intentionally, knowingly and falsely made said allegations to conceal their otherwise illegal, tortious and sinister acts, namely stopping a plaintiff illegally without a search warrant, probable cause or reasonable suspicion, and arresting multiple individuals without probable cause.

60. Defendants, including Alvarez, Chow and Bonilla, grossly deviated from proper police procedures, suppressed evidence, committed perjury and engaged in conduct undertaken in bad faith to procure the indictment of Mr. Taylor, namely falsely testifying before grand jury that Mr.

Taylor was observed selling crack cocaine to Ms. Gasparro and that he was in possession of fifteen plastic zip-loc bags.

61. Defendants have displayed a pattern and practice of falsely alleging that drug sales occurred to justify otherwise unwarranted arrests.

62. Plaintiff was wrongfully incarcerated for approximately two (2) days or approximately twenty-three (23) hours, until he was released on or about September 1, 2016.

63. During all of the events described, the Defendants, including Alvarez, Chow and Bonilla, acted maliciously and with intent to injure Plaintiff.

64. At all times relevant hereto, Defendants, including Alvarez, Chow, Fabrizi and Bonilla, were involved in the decision to arrest Plaintiff without probable cause or failed to intervene when they observed others arresting Plaintiff without probable cause.

65. As a direct and proximate result of the acts of the defendants, including Alvarez, Chow and Bonilla, Plaintiff suffered the following injuries and damages: violations of his rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, violations of New York State law, physical injury, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

66. Based solely on the false accusations made by Defendants, including Alvarez, Chow, Fabrizi and Bonilla, Mr. Taylor was deemed to have violated the conditions of his parole and was forced to be unlawfully imprisoned for an additional seven (7) months, until his release on, or about May 21, 2018.

67. Plaintiff was maliciously prosecuted from the date of arrest until he was acquitted after trial of all charges on May 15, 2018.

## FIRST CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law

68. The above paragraphs are here incorporated by reference as though fully set forth.

69. Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

70. Plaintiff was conscious of his confinement.

71. Plaintiff did not consent to his confinement.

72. Plaintiff's arrest and false imprisonment was not otherwise privileged.

73. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

74. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

75. The above paragraphs are here incorporated by reference as though fully set forth.

76. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

77. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

78. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

79. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
Illegal Stop and Searches Under
42 U.S.C. § 1983 Against Individual Defendants

80. The above paragraphs are here incorporated by reference as though fully set forth.

81. Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by stopping, questioning and searching Plaintiff without reasonable suspicion or probable cause to believe that Plaintiff had committed any crimes or violations of the law.

82. There no indicia that criminal activity was afoot, as Plaintiff performed only mundane and legal actions.

83. Defendants possessed no valid reason or justification to subject Plaintiff to a strip-search and cavity inspection, as there were indicia that such a search would be fruitful or that Plaintiff had secreted contraband within his person.

84. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Assault and Battery Under
New York State Law

85. The above paragraphs are here incorporated by reference as though fully set forth.

86. Defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

87. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

88. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

89. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

### FIFITH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

90. The above paragraphs are here incorporated by reference as though fully set forth.

91. The Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments, because they used unreasonable force without Plaintiff's consent.

92. Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

93. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

### SIXTH CAUSE OF ACTION
Malicious Prosecution Under
New York State Law

94. The above paragraphs are here incorporated by reference as though fully set forth.

95. Defendants initiated the prosecution against Plaintiff.

96. Defendants lacked probable cause to believe Plaintiff was guilty or that a prosecution would succeed.

97. Defendants acted with malice.

98. The prosecution was terminated in Plaintiff's favor when he was acquitted after a trial by jury of all criminal charges.

99. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

100. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

101. The above paragraphs are here incorporated by reference as though fully set forth.

102. Defendants initiated the prosecution against Plaintiff.

103. Defendants lacked probable cause to believe Plaintiff was guilty or that a prosecution would succeed.

104. Defendants acted with malice.

105. The prosecution was terminated in Plaintiff's favor when he was acquitted of criminal charges following a trial by jury.

106. Accordingly, Defendants violated Plaintiff's Fourth Amendment rights.

107. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CAUSE OF ACTION
Malicious Abuse of Process Under
New York State Law

108. The above paragraphs are here incorporated by reference as though fully set forth.

109. Defendants arrested, detained and caused a criminal prosecution to be initiated against Plaintiff to compel the compliance or forbearance of some act.

110. Defendants had no excuse or justification to forcibly detain or initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

111. Defendants intended to inflict substantial harm upon Plaintiff.

112. Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

113. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

114. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### NINTH CAUSE OF ACTION
Malicious Abuse of Process Under
42 U.S.C. § 1983 Against Individual Defendants

115. The above paragraphs are here incorporated by reference as though fully set forth.

116. Defendants arrested, detained and caused a criminal prosecution to be initiated against Plaintiff to compel the compliance or forbearance of some act.

117. Defendants had no excuse or justification to forcibly detain and initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

118. Defendants intended to inflict substantial harm upon Plaintiff.

119. Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

120. Defendants' actions deprived Plaintiff of his right to free from illegal searches and seizures, as well as his right not to be deprived of his liberty without due process of law.

121. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### TENTH CAUSE OF ACTION
Intentional Infliction of Emotional Distress
New York State Law

122. The above paragraphs are here incorporated by reference as though fully set forth.

123. The conduct of Defendants was extreme and outrageous.

124. Defendants' extreme and outrageous conduct was perpetrated with the intent to cause, or with disregard to a substantial probability of causing, severe emotional distress to Plaintiff.

125. Defendants' extreme and outrageous conduct is causally related to Plaintiff's injuries.

126. Defendants' extreme and outrageous conduct caused Plaintiff to sustain extreme emotional distress.

127. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

128. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CAUSE OF ACTION
Failure to Intervene Under
New York State Law

129. The above paragraphs are here incorporated by reference as though fully set forth.

130. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

131. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

132. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWELFTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

133. The above paragraphs are here incorporated by reference as though fully set forth.

134. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

135. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

136. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRTEENTH CAUSE OF ACTION
Negligent Hiring, Retention and Supervision Under
New York State Law

137. The above paragraphs are here incorporated by reference as though fully set forth.

138. Defendant City owed a duty of care to Plaintiff to adequately hire, retain and supervise its employee defendants.

139. Defendant City breached that duty of care.

140. Defendant City placed defendants in a position where they could inflict foreseeable harm.

141. Defendant City knew or should have known of its employee defendants' propensity for violating the individual rights granted under the United States Constitution and the laws of the State of New York, prior to the injuries incurred by Plaintiff.

142. Defendant City failed to take reasonable measures in hiring, retaining and supervising its employee defendants that would have prevented the aforesaid injuries to Plaintiff.

143. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTEENTH CAUSE OF ACTION
Municipal "*Monell*" Liability Under
42 U.S.C. § 1983 Against Defendant City

144. The above paragraphs are here incorporated by reference as though fully set forth.

145. Defendant City maintained a policy, custom or practice that caused Plaintiff to be deprived of his Constitutional right to free from illegal searches and seizures.

146. Defendant City's illegal practice is so consistent and widespread that it constitutes a custom or usage of which a supervising policy maker must have been aware of.

147. Defendant City and its policymakers failed to provide adequate training or supervision to subordinates to such an extent that it is tantamount to their deliberate indifference towards the rights of those who come into contact with Defendant City's employees.

148. Defendant City's employees engaged in such egregious and flagrant violations of Plaintiff's Constitutional rights that the need for enhanced supervision and training is obvious and therefore tantamount to a display of deliberate indifference by Defendant City and its policymakers towards the rights of individuals who come into contact with defendant City's employees.

149. Defendant City's conduct violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

150. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: July 17, 2019

Respectfully submitted,

_S/ John K. Kouroupas_____
John K. Kouroupas, Esq.
Bar Number:
Sim & DePaola, LLP
*Attorneys for Ms. Carter*
4240 Bell Blvd., Suite 201
Bayside, NY 11361
T: (718) 281-0400
F: (718) 631-2700
jkouroupas@simdepaola.com