UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL TAYLOR,

                              Plaintiff,

                  -v.-

THE CITY OF NEW YORK, RICHARD ALVAREZ,
ANTHONY CHOW, FERNANDO BONILLA, and
THOMAS FABRIZI, *individually and in their
official capacities as New York City police
officers*, and JOHN or JANE DOES 1-10,

                              Defendants.

---

19 Civ. 6754 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On October 21, 2020, Plaintiff filed a letter motion for reconsideration of
the Court's October 13, 2020 Order compelling Plaintiff to produce discovery.
(*See* Dkt. #30-31).  After careful consideration of the parties' briefing on the
predicate motions to compel discovery (*see* Dkt. #24-30), and the parties'
submissions with respect to the instant motion (*see* Dkt. #31, 35), Plaintiff's
motion for reconsideration is granted in part and denied in part.

## BACKGROUND[1]

On July 19, 2019, Plaintiff Michael Taylor initiated this lawsuit under 42
U.S.C. § 1983, alleging that on August 31, 2016, he was falsely arrested and
thereafter maliciously prosecuted for a crime that the police had reason to

---

[1]     The Court draws the facts for this Order from the Complaint ("Compl." (Dkt. #1)).  For
convenience, Defendants' first motion to compel is referred to as "Def. 1st MTC" (Dkt.
#24); Plaintiff's opposition to the first motion to compel is referred to as "Pl. 1st Opp."
(Dkt. #25); Defendants' second motion to compel is referred to as "Def. 2d MTC" (Dkt.
#27); and Plaintiff's opposition to the second motion to compel is referred to as "Pl. 2d
Opp." (Dkt. #29).

know he did not commit.  (*See generally* Compl.).  Currently before this Court
is Plaintiff's motion for reconsideration of the Court's order directing Plaintiff to
"supplement his responses to provide information, documentation and/or
releases pertaining to: [i] his arrest, conviction, and employment history,
including a blanket N.Y. C.P.L. § 160.50 release and releases for parole
records, employment records, and income tax returns for the five-year period
preceding the arrest at issue here; [ii] worker's compensation, social security
disability and insurance claims; and [iii] Plaintiff's history of prior lawsuits."
(Dkt. #30).

On July 29, 2020, Defendants filed a motion to compel and requested
that the Court deem Plaintiff's objections waived because Plaintiff had failed to
respond to their first set of discovery demands by the due date of July 14,
2020.  (*See* Def. 1st MTC).  On August 7, 2020, Plaintiff filed a response to
Defendants' motion to compel, stating that he had since responded to
Defendants' discovery requests and that the Court should not deem Plaintiff's
objections waived.  (*See* Pl. 1st Opp.).  By Order dated August 10, 2020,
because Plaintiff represented that he had responded to Defendants' discovery
requests, the Court dismissed Defendants' motion to compel as moot and
declined to deem Plaintiff's objections waived.  (Dkt. #26).  Thereafter, on
October 5, 2020, Defendants filed a letter seeking a conference to discuss a
second motion to compel, alleging that Plaintiff had still not complied with his
discovery obligations.  (*See generally* Def. 2d MTC).  Plaintiff filed an opposition
on October 9, 2020, raising procedural and substantive objections to the

discovery sought by Defendants.  (*See generally* Pl. 2d Opp.).  Citing the Court's understanding that Plaintiff failed to comply with his discovery obligations as represented in Plaintiff's opposition to the first motion to compel (*see* Pl. 1st Opp.), the Court granted Defendants' second motion to compel in full (Dkt. #30).  Plaintiff filed a motion for reconsideration on October 21, 2020, arguing that the Court misinterpreted his opposition to the first motion to compel. (Dkt. #31).  Defendants filed their opposition to the motion for reconsideration on October 27, 2020.  (Dkt. #35).

## DISCUSSION

### A.    Applicable Law

#### 1.    Motion for Reconsideration

"The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court."  *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 403 n.6 (S.D.N.Y. 2011) (quoting *Patterson* v. *United States*, No. 04 Civ. 3140 (WHP), 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006)).  Under Local Rule 6.3, the moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader* v. *CSX Transp. Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995) (internal citations omitted) (noting that the standard for granting motions for reconsideration is "strict"); *accord Van Buskirk* v. *United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).

Compelling reasons for granting a motion for reconsideration are limited to "an intervening change of controlling law, the availability of new evidence, or

the need to correct a clear error or prevent manifest injustice." *Virgin Atl.*

*Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)

(internal quotation marks and citation omitted); a*ccord Kolel Beth Yechiel*

*Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013).

A motion for reconsideration is "not a vehicle for relitigating old issues,

presenting the case under new theories, securing a rehearing on the merits, or

otherwise taking a 'second bite at the apple[.]'" *Analytical Surveys, Inc.* v.

*Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp.* v.

*GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

### 2.    Discovery Under the Federal Rules of Civil Procedure

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may

obtain discovery regarding any nonprivileged matter that is relevant to any

party's claim or defense and proportional to the needs of the case."

Fed. R. Civ. P. 26(b)(1).  Even where relevance may be established,

proportionality concerns look to, *inter alia*, "the importance of the discovery in

resolving the issues" in the case.  *Id.*  Discovery must be limited by the Court

where it is "unreasonably cumulative or duplicative,"

Fed. R. Civ. P. 26(b)(2)(C)(i), and may be limited where, for instance, the Court

finds it likely to subject a party to "embarrassment" or "oppression,"

Fed. R. Civ. P. 26(c)(1).  Additionally, "where state statutes establish

confidentiality schemes or privileges that may protect otherwise discoverable

information, the Court must balance the need for the discovery against the

policies underlying those statutes." *Creighton* v. *City of New York*, No. 12 Civ. 7454 (PGG) (DF), 2016 WL 1178648, at *1 (S.D.N.Y. Mar. 17, 2016).

## B.    Analysis

### 1.    Reconsideration Is Warranted

Plaintiff argues that reconsideration is proper to avoid clear error, because the Court's October 13, 2020 Order granting Defendants' second motion to compel was rooted in a misunderstanding of Plaintiff's prior submission.  (*See* Dkt. #31).  Defendants respond that Plaintiff has identified no law or fact overlooked by the Court.  (Dkt. #35).[2]

The Court granted Defendants' second motion to compel because it interpreted Plaintiff's August 7, 2020 letter to state that Plaintiff did not plan to raise future objections to Defendants' discovery requests.  (*See* Dkt. #30-31). Thus, the Court reasoned that it was improper to consider Plaintiff's objections after Plaintiff represented that he would not raise new objections.  After reviewing Plaintiff's opposition to the first motion to compel (*see generally* Pl. 1st Opp.), and the Court's Order denying the first motion to compel as moot (Dkt. #26), the Court agrees that Plaintiff represented that he had served discovery responses, but not that he intended to waive the objections contained in those responses.  In denying Defendants' first motion to compel, the Court

---

[2]    Plaintiff also argues that reconsideration is proper because Defendants failed to seek a pre-motion conference prior to filing their first motion to compel, as required under Local Civil Rule 37.2.  (Dkt. #31).  Although Defendants should have complied with Local Rule 37.2 in filing their first motion to compel, they were in compliance when pursuing their second motion to compel.  (*See* Dkt. #27).  Because Defendants complied with Local Rule 37.2 in pursuing the second motion to compel, the Court does not find Defendants' previous non-compliance to provide grounds for reconsideration.

stated: "Plaintiff raises several objections to Defendants' discovery requests. The Court expects the parties to attempt to resolve discovery disputes in good faith. If the parties are unable to do so, they shall ... raise discovery disputes with the Court." (Dkt. #26 (internal citation omitted)). The Court's prior Order specifically preserved Plaintiff's ability to raise the objections already asserted in his initial response to Defendants' discovery request. Therefore, the Court finds that it improperly granted Defendants' second motion to compel in full, rather than after an individualized review of Plaintiff's objections.

**2.    Defendants' Second Motion to Compel Is Granted in Part and Denied in Part**

The Court now reconsiders the discovery requests raised by Defendants in their second motion to compel and the objections that Plaintiff raised in his opposition. The records and information Defendants seek in their second motion to compel can be categorized as follows: (i) Plaintiff's history of encounters with the criminal justice system, including arrests, convictions, and parole records ("Category I"); (ii) Plaintiff's employment history and income tax returns ("Category II"); (iii) Plaintiff's worker's compensation, social security disability, and insurance claims ("Category III"); (iv) Plaintiff's history of prior lawsuits ("Category IV"); and (v) medical treatment received by Plaintiff in the last ten years ("Category V"). (*See* Def. 2d MTC 3-4). The Court considers each category in turn.

### i.      The Motion to Compel Category I Is Denied in Part and Granted in Part

Defendants seek information and records about Plaintiff's arrest and conviction history, as well as his parole records, arguing that such information is relevant to contest Plaintiff's claims regarding the cause and extent of his alleged damages for emotional distress.  (*See* Def. 2d MTC 3).[3]  Defendants also argue that information about prior convictions "may be relevant" to Plaintiff's credibility.  (*Id.*).

Plaintiff does not raise any specific objection to Document Request No. 18, which seeks his parole records.  (*See generally* Pl. 2d Opp.; *see also* Def. 2d MTC, Ex. A).  To the extent Plaintiff claims emotional damages because the arrest at issue led to a parole violation, Plaintiff's parole records are relevant in determining the effect and impact of the arrest at issue and Plaintiff's subsequent incarceration.  Additionally, Plaintiff alleges that Defendants "intentionally targeted [him] to be arrested without probable cause, because they knew that [he] was recently paroled."  (Compl. ¶ 40).  Plaintiff therefore has placed his parole records at issue, because the number and

---

[3]      Interrogatory No. 13 asks Plaintiff to "[i]dentify each occasion on which [P]laintiff has been arrested other than the Incident that is the subject of this lawsuit, including the date of arrest, the charges for which the plaintiff was arrested and the amount of time that plaintiff spent incarcerated"; Interrogatory No. 14 asks Plaintiff to "[i]dentify each occasion in which plaintiff has been convicted of a felony or misdemeanor, including the date of the conviction, the charges of which plaintiff was convicted, and amount of time that [P]laintiff spent incarcerated as a result of each conviction"; Document Request No. 13 seeks an executed blanket unsealing authorization for access to Plaintiff's records that may be sealed pursuant to N.Y. C.P.L. §§ 160.50 and 160.55; and Document Request No. 18 seeks an executed authorization for access to Plaintiff's parole records from the New York State Division of Parole.  (Def. 2d MTC, Ex. A; *see also id.* at 2).

manner of Plaintiff's prior parole violations is relevant to whether there was probable cause for the arrest. *Accord Kapiti* v. *Kelly*, No. 07 Civ. 3782 (RMB) (KNF), 2008 WL 1882652, at *2 (S.D.N.Y. April 28, 2008) (holding that in a Section 1983 case alleging false arrest, sealed arrest records may be relevant to whether defendants had probable cause for the false arrest).

Plaintiff raises general relevance objections to Document Request No. 13, which seeks waivers to allow access to criminal records sealed pursuant to N.Y. C.P.L. §§ 160.50 and 160.55. (*See* Def. 2d MTC, Ex. A). In similar situations, courts in this District regularly order the production of criminal records sealed pursuant to N.Y. C.P.L. § 160.50 in Section 1983 false arrest cases, reasoning that "prior sealed arrests may be relevant to emotional damages because 'a person who has previously been incarcerated may suffer less damage as a result of subsequent wrongful incarceration than a person incarcerated for the first time.'" *Nunez* v. *City of New York*, No. 11 Civ. 5845 (LTS) (JCF), 2013 WL 2149869, at *10 (S.D.N.Y. May 17, 2013) (quoting *Cicero* v. *City of New York*, No. 11 Civ. 360 (NGG) (CLP), 2011 WL 3099898, at *3 (E.D.N.Y. July 25, 2011)) (collecting cases and distinguishing the propriety of ordering production of sealed criminal records for Section 1983 Plaintiffs alleging excessive force from those alleging false arrest). However, Defendants have not articulated how records protected by N.Y. C.P.L. § 160.55 are relevant, and the Court fails to see how sealed records related to convictions for noncriminal offenses or administrative findings are relevant. Therefore, Defendants' request for a N.Y.

C.P.L. § 160.50 waiver is granted, but their request for a § 160.55 waiver is denied.

Interrogatory Nos. 13 and 14 request that Plaintiff provide information about arrests and convictions, respectively.  Defendants argue that both are relevant to Plaintiff's claims regarding the cause and extent of his alleged damages for emotional injury.  (*See* Def. 2d MTC 3).[4]  Although the Complaint is not clear as to whether Plaintiff claims that he suffered emotional injury because of the false arrest, or because of the subsequent incarceration caused by the parole violation, or some combination of both, both allegations would open the door to discovery of prior arrests and convictions.  *See, e.g.*, *Creighton*, 2016 WL 1178648, at *2; *Schiller* v. *City of New York*, No. 04 Civ. 7921(KMK) (JCF), 2006 WL 3592547, at *8 (S.D.N.Y. Dec. 7, 2006).

Plaintiff objects that these interrogatories are improper under Local Civil Rule 33.3, which

> presumptively limits interrogatories to requests for witness names, computation of damages, and the location, custodian and general nature of pertinent documents.  During the discovery period these limits are to be enforced unless (1) interrogatories "are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the court."

---

[4]     Defendants also argue that information about criminal convictions is relevant to Plaintiff's credibility.  However, under Local Civil Rule 33.3, interrogatories are not properly used to pursue impeachment evidence without a specific showing of good cause.  *See Nunez* v. *City of New York*, No. 11 Civ. 5845 (LTS) (JCF), 2013 WL 2149869, at *9 (S.D.N.Y. May 17, 2013) (requiring a "specific showing" to permit interrogatories to be used for impeachment under Local Civil Rule 33.3).

*Kunstler* v. *City of New York*, No. 04 Civ. 1145 (RWS) (MHD), 2006 WL
2516625, at *5 (S.D.N.Y. Aug. 29, 2006), *aff'd*, 242 F.R.D. 261 (S.D.N.Y. 2007)
(quoting Local Civil Rule 33.3).  Consistent with the Plan for Certain § 1983
Cases Against the City of New York ("Section 1983 Plan") (*see* Local Rule
83.10), the release that Plaintiff has apparently already provided to Defendants
enables Defendants to obtain a list of all of his prior arrests, and thus learn of
the frequency and number of his other arrests.  (*See* Pl. 2d Opp. 2; *see also*
Def. 2d MTC 3).  Defendants argue that the release provided for in the Section
1983 Plan only provides a listing of prior arrests by the NYPD.  (Def. 2d MTC,
Ex. A).  However, Defendants have not provided any evidence to justify the use
of a broader interrogatory under Local Civil Rule 33.3, such as evidence
suggesting that Plaintiff has an extensive arrest record outside of this
jurisdiction.  Because (i) the Section 1983 Plan allows Defendants to access a
list of Plaintiff's prior arrests by the NYPD, (ii) criminal convictions are a matter
of public record, and (iii) Defendants will get a N.Y. C.P.L. § 160.50 release as
discussed above, Defendants' motion to compel with respect to Interrogatory
Nos. 13 and 14 is denied without prejudice.  If Defendants later establish a
record that justifies compelling a response to either of these interrogatories —
for example, because Plaintiff lived for a significant portion of his life in another
jurisdiction and thus may have an extensive arrest record not covered by the

Section 1983 Plan — then Defendants may renew their motion to compel at that time.[5]

ii.   **The Motion to Compel Category II Is Granted in Part and Denied in Part**

Defendants seek information and records about Plaintiff's employment history and income tax statements, arguing that such information is relevant to refute Plaintiff's claims regarding the cause and extent of his alleged damages attributable to lost income. (*See* Def. 2d MTC, Ex. A).[6]  Defendants also claim that such information is relevant to Plaintiff's credibility. (*See id.* at 3).  Defendants state that Plaintiff advised Defendants that he would comply with Document Request No. 14 (*see id.*), and Plaintiff does not dispute this assertion. (*See generally* Pl. 2d Opp.).  Because Plaintiff already agreed to comply with this discovery request, the Court will not now sustain an objection to the request.

Plaintiff offers no specific objection to Document Request No. 9, arguing only generally that records and information related to Plaintiff's past

---

[5]   Plaintiff also objects to Interrogatory Nos. 13 and 14 on the grounds that they violate N.Y. Exec. Law § 296(16).  (*See* Pl. 2d Opp. 2-3).  Plaintiff's invocation of this statute is inapposite.  It protects applicants for, *inter alia*, housing and employment from discrimination on the basis of their criminal history, it does not create an evidentiary privilege or shield Plaintiff from discovery in federal court.  *See* N.Y. Exec. Law § 296(16) ("It shall be an unlawful discriminatory practice, ... to make any inquiry about ... any arrest or criminal accusation [protected by] section 160.50 of the criminal procedure law, ... *in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual.*" (emphasis added).

[6]   Interrogatory No. 6 asks Plaintiff to "[i]dentify all of [P]laintiff's employers for the past ten (10) years, including the name, telephone number and address of each employer and the dates of employment of each employment"; Document Request No. 9 seeks executed releases for Plaintiff's income tax returns; and Document Request No. 14 seeks an executed authorizations for release of Plaintiff's employment records for each of his employers for the past ten years.  (*See* Def. 2d MTC, Ex. A; *see also id.* at 2).

employment is not "relate[d] to any claim or defense." (Pl. 2d Opp. 3).  But Plaintiff has indicated his intent to seek one year's worth of lost wages (*see* Def. 2d MTC, Ex. A), and thus information about Plaintiff's past income is clearly relevant to refuting Plaintiff's claims regarding the extent of any alleged damages due to lost income.  *Cf. Ellis* v. *City of New York*, 243 F.R.D. 109, 112 (S.D.N.Y. 2007) (quashing subpoena for Section 1983 plaintiff's tax returns because plaintiff was "not claiming lost wages or other losses related to his income").  Plaintiff's objection to Document Request No. 9 is overruled.

Interrogatory No. 6 seeks information about Plaintiff's employers for the past ten years.  Plaintiff objects that this request violates Local Civil Rule 33.3, which governs the use of interrogatories.  (*See* Def. 2d MTC, Ex. A).  "To the extent that the defendants seek to compel [Plaintiff] to respond to their interrogatory about [his] prior employment because it may be relevant to the [his] credibility, it is beyond the scope of Local Civil Rule 33.3."  *Nunez*, 2013 WL 2149869, at *9; *see also Dzanis* v. *JP Morgan Chase & Co.*, 10 Civ. 3384 (BSJ) (JLC), 2011 WL 5979650, at *6 (S.D.N.Y. Nov.30, 2011) ("Courts have required parties to establish good cause where discovery is sought solely to unearth potential impeachment material, and have not found such cause where the request is speculative." (internal citation omitted)).  Here, Defendants have "not provided any specific basis that justify seeking impeachment evidence in [Plaintiff's] employment records."  *Nunez*, 2013 WL 2149869, at *9, and Defendants should be able to gather evidence regarding Plaintiff's wage

history from Plaintiff's income tax returns.  Thus, Defendants' motion to compel a response to Interrogatory No. 6 is denied.

### iii.        The Motion to Compel Category III Is Denied

Defendants seek information about any claims for worker's compensation, social security disability benefits received, and any insurance carrier claims within the past ten years, arguing that this information is "relevant to [P]laintiff's claims for psychological/emotional damages at a minimum." (Def. 2d MTC at 3; *see also id.* at Ex. A).[7]  The Court fails to see how any of this information bears on emotional or psychological damages caused by false arrest, malicious prosecution, or imprisonment for a parole violation caused by an arrest on charges for which Plaintiff was ultimately acquitted.  To the extent Defendants argue it is relevant to Plaintiff's lost income (and Defendants do not advance any such argument in their papers), the Court has already granted Defendants' motion to compel the production of Plaintiff's recent income tax returns.  Defendants' motion to compel with respect to these interrogatories and document requests is denied.

### iv.        The Motion to Compel Category IV Is Denied

Defendants seek to compel Plaintiff to identify all prior lawsuits to which he is a party, claiming that such information is "is relevant to the issues of credibility and damages." (Def. 2d MTC, Ex. A)  Plaintiff objects on the ground

---

[7]  I      Interrogatory Nos. 8, 9, and 11 seek information pertaining to claims for worker's compensation, social security disability benefits received, and insurance carrier claims within the past ten years. (Def. 2d MTC 2 n.6).  Document Request Nos. 16 and 17 seek releases for insurance carrier and social security disability claims. (*Id.* at Ex. A).

that such an interrogatory violates Local Civil Rule 33.3.  (*Id.*).  As previously noted, under Local Civil Rule 33.3 interrogatories are not properly used to pursue impeachment evidence without a specific showing of good cause.  *See Nunez*, 2013 WL 2149869, at *9; *see also Kunstler*, 2006 WL 2516625, at *5 (noting that "Rule 33.3 presumptively limits interrogatories to request for witness names, computation of damages, and the location, custodian and general nature of pertinent documents").  Defendants offer no explanation as to how this evidence is relevant to the computation of Plaintiff's damages.  This request is denied.

### v.    The Motion to Compel Category V Is Granted

The final category of information Defendants seek is related to medical treatment received by Plaintiff.  Specifically, Interrogatory No. 7 requests that Plaintiff "[i]dentify all medical providers including, but not limited to, doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services, who have rendered treatment to the plaintiff within the past ten (10) years."  (Def. 2d MTC, Ex. A).  Document Request No. 12 seeks releases to obtain Plaintiff's medical and psychological treatment records for the five year period preceding the arrest.  (*Id.*).  Plaintiff objects on the grounds that Interrogatory No. 7 violates Local Civil Rule 33.3 and is overbroad (*id.*), and that his medical records are privileged and unrelated to the false arrest at issue in this lawsuit.  (Pl. 2d Opp. 2).

Plaintiff's medical history is relevant to Plaintiff's claims regarding the cause and extent of his alleged emotional and physical damages, and Plaintiff

14

has waived privilege by affirmatively asserting claims for physical and emotional damage.  *See In re Consol. RNC Cases*, No. 127, 2009 WL 130178, at *7 (finding privilege waived where plaintiffs "affirmatively pleaded claims of emotional distress and mental or psychological injury and [sought] damages based upon these claims").  Although "Local Rule 33.3 'presumptively exclude[s]' information such as 'descriptions of the nature and extent of injuries,'" *Hable* v. *Metro-N. Commuter R.R.*, No. 18 Civ. 1460 (NSR), 2019 WL 4673564, at *4 (S.D.N.Y. Sept. 24, 2019) (quoting *Kunstler*, 2006 WL 2516625, at *5), Defendants request only a list of physicians and other service providers who may have provided Plaintiff with medical or mental health care.  In such situations, plaintiffs regularly provide defendants with such a list along with the waiver requested in Document Request No. 12.  *See, e.g.*, *Hable*, 2019 WL 4673564, at *5; *Nunez*, 2013 WL 2149869, at *8.  The motion to compel as to Document Request No. 12 and Interrogatory No. 7 is granted in full.[8]

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is GRANTED IN PART and DENIED IN PART.  Accordingly, and in order to give the parties enough time to produce and review discovery, the deadline for the completion of fact discovery is hereby extended to December 21, 2020.

---

[8]    Plaintiff also generally objects to Defendants' motion to compel on the grounds that Defendants have not complied with their own discovery obligations.  (*See* Pl. 2d Opp. 2).  But Plaintiff has not formally challenged Defendants' objections or responses to his discovery requests to date, and therefore the Court will not speculate on their adequacy at this time.  If Plaintiff believes that Defendants have failed to comply with their discovery obligations, the proper course of action is to bring a motion pursuant to Rule 37 of the Federal Rules of Civil Procedure.

SO ORDERED.

Dated:   November 9, 2020
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

16