UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL TAYLOR,<br><br>                             Plaintiff,<br><br>                      -v.-<br><br>THE CITY OF NEW YORK, RICHARD ALVAREZ, ANTHONY CHOW, FERNANDO BONILLA, and THOMAS FABRIZI, *individually and in their official capacities as New York City police officers*, and JOHN or JANE DOES 1-10,<br><br>                             Defendants. | 19 Civ. 6754 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

By Order dated November 9, 2020, the Court directed Plaintiff to provide certain discovery to Defendants, including specific waivers, information, and documents. (*See* Dkt. #36). On December 11, 2020, the Court granted Defendants' motion to compel Plaintiff's compliance with the November 9, 2020 Order, and noted that Plaintiff's continued failure to comply would "be viewed through the lens of the Court's contempt powers, and may result in sanctions, including dismissal." (Dkt. #38). On January 22, 2021, the Court ordered Plaintiff to comply with its previous discovery orders by January 29, 2021. (Dkt. #42). The Court reiterated that failure to do so "will result in dismissal of Plaintiff's claims for failure to prosecute," and explained that "[e]ven if Plaintiff complies with this Order, the Court cautions Plaintiff that any subsequent episode of noncompliance will result in dismissal." (*Id.*).

On February 1, 2021, after Plaintiff again failed to comply with the Court's discovery orders, Defendants moved to dismiss Plaintiff's claims for

failure to prosecute.  (Dkt. #43).  Plaintiff opposed Defendants' motion, claiming that Plaintiff's repeated failures to comply with the Court's discovery orders were "were due to several extenuating circumstances beyond the control" of counsel.  (Dkt. #44).  Plaintiff further argued that his decision to withdraw "claims for lost earnings and physical and emotional injuries, with the lone exception of garden variety emotional distress" obviated the need for certain discovery ordered by the Court in its November 9, 2020 Order.  (*Id.*).  The Court held Defendants' motion in abeyance, and ordered Plaintiff's counsel to file an *ex parte* letter under seal to substantiate his claims "that Plaintiff's repeated failures to comply with the Court's discovery orders were 'were due to several extenuating circumstances beyond the control' of counsel."  (Dkt. #45 (quoting Dkt. #44)).  Plaintiff's counsel filed this *ex parte* submission on February 10, 2021.  (Dkt. #46).

      The Court has carefully reviewed the parties' submissions and the record in this case.  The Court finds that Plaintiff's counsel's sealed, *ex parte* submission adequately explains his repeated failures to comply with the Court's orders (Dkt. #46), and that — at this time — Plaintiff should not be punished for his counsel's failures.  Accordingly, Defendants' motion to dismiss for failure to prosecute is DENIED.  However, the Court reiterates as a final warning to Plaintiff and his counsel that future noncompliance will result in dismissal.  (*See* Dkt. #38, 42).  Defendant is directed to respond to Plaintiff's argument that his decision to withdraw claims for lost earnings and physical and emotional injuries — except for garden variety emotional distress —

obviates the need for any other discovery that Plaintiff has still not yet produced. (*See* Dkt. #44). Defendant shall file such a response on or by February 17, 2021. The Clerk of Court is directed to terminate the motions pending at docket entries 41 and 43.

SO ORDERED.

Dated: February 10, 2021
New York, New York

KATHERINE POLK FAILLA
United States District Judge

obviates the need for any other discovery that Plaintiff has still not yet produced. (*See* Dkt. #44). Defendant shall file such a response on or by February 17, 2021. The Clerk of Court is directed to terminate the motions pending at docket entries 41 and 43.

SO ORDERED.

Dated: February 10, 2021
       New York, New York

KATHERINE POLK FAILLA
United States District Judge