

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small><br>**L**AW **D**EPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **GREGORY ACCARINO**<br>*Assistant Corporation Counsel*<br>phone: (212) 356-1945<br>gaccari@law.nyc.gov |

February 2, 2023

**BY ECF**
Honorable Jennifer H. Rearden
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>Michael Taylor v. City of New York, et al.</u>
               19 Civ. 6754 (JHR)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York, and attorney for defendants City of New York. Richard Alvarez, Anthony Chow, Fernando Bonilla, and Thomas Fabrizi (collectively referred to as "defendants") in the above-referenced matter. I am writing on behalf of the parties to respectfully submit a joint Status Letter in accordance with the Court's January 17, 2023 Order, and respectfully request an extension until March 17, 2023 to provide the Court with a status update concerning plaintiff's parole hearing transcripts, which is further explained in Point Four (4) of this letter regarding existing deadlines. <u>See</u> ECF No. 112, Notice of Reassignment, January 17, 2023. <u>See also</u> ECF No. 111, Memo Endorsement, December 16, 2022.

        **1.**   **<u>Current Counsels and Contact Information</u>:**

              **<u>Plaintiff's Counsel's Information</u>**:

        Sameer Nath, Esq.
        Sim & DePaola, LLP
        42-40 Bell Boulevard, Suite 405
        Bayside, New York 11361
        (718) 281-0400
        snath@simdepaola.com

**Defendants' Counsel's Information:**

Gregory Accarino
Assistant Corporation Counsel
Office of the Corporation Counsel
100 Church Street, Room 3-143
New York, New York 10007
(212) 356-1945
gaccari@law.nyc.gov

## 2. Statement of Nature of the Claims and Principal Defenses:

The parties state that after Hon. Katherine Polk Failla's Opinion and Order deciding the Motion for Summary Judgement, the remaining claims are as follows:

1. False Arrest, pursuant to 42 USC 1983, against Defendants Richard Alvarez, Fernando Bonilla, Anthony Chow, and Thomas Fabrizi;

2. Malicious Prosecution, pursuant to 42 USC 1983, against Defendants Richard Alvarez and Fernando Bonilla;

3. Malicious Prosecution, pursuant to New York State law, against Defendants Richard Alvarez, Fernando Bonilla, with a *respondeat superior* claim against the City of New York;

4. Unlawful Search, pursuant to 42 USC 1983, against Defendants Richard Alvarez and Thomas Fabrizi;

5. Failure to Intervene, pursuant to 42 USC 1983, against Defendants Richard Alvarez regarding the search, Fernando Bonilla regarding the arrest and prosecution, Anthony Chow regarding the prosecution, and Thomas Fabrizi regarding the arrest search and prosecution; and

6. Failure to Intervene, pursuant to New York State law, against Defendants Richard Alvarez regarding the search, Fernando Bonilla regarding the arrest and prosecution, Anthony Chow regarding the prosecution, and Thomas Fabrizi regarding the arrest search and prosecution, along with a *respondeat superior* claim against the City of New York.

See ECF No. 86, Opinion and Order, March 11, 2022.

The defendants assert the following principal defenses. First, in regards to plaintiff's claims of false arrest and malicious prosecution, the defendants state that, *inter alia*, there was probable cause to arrest and prosecute the plaintiff for participating in a drug transaction. Second, plaintiff's claims of unlawful search fail because, *inter alia*, a strip search was not conducted, and if a strip search was conducted, there was reasonable suspicion to conduct a strip search of plaintiff.

Third, plaintiff's claims of failure to intervene fail because, *inter alia*, there was no underlying constitutional violation. Lastly, the defendants respectfully submit that, at the very least, they are entitled to qualified immunity.

### 3. Explanation of Jurisdiction and Venue:

#### Plaintiff's Position:

Jurisdiction is proper as this action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of supplemental jurisdiction.

Venue is proper within the Southern District of New York in that Defendant, City of New York, is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b) and (c).

#### Defendants' Position:

Defendants do not contest subject matter jurisdiction or venue.

### 4. Statement of Existing Deadlines:

On December 16, 2022, the parties filed a joint extension letter with the Court, requesting until February 3, 2023 to file a status letter updating the Court with the steps to obtain plaintiff's parole hearing transcript, because the parties received a letter from New York State Department of Corrections and Community Supervision (NYSDOCCS), which stated they required "additional time to process your request for the following reason(s): we are still conducting a diligent search for responsive records. Department of Corrections and Community Supervision estimates it will complete your request and provide a response in writing by 2/1/2023." See ECF No. 110, Joint Letter, December 16, 2022. The Court granted that request, as well as instructed the parties to outline the steps for proceeding without the relevant information. See ECF No. 111, Memo Endorsement, December 16, 2022.

On February 1, 2023, plaintiff's counsel received another letter from NYSDOCCS stating they require "additional time to process your request for the following reason(s): records that have been identified as potentially responsive to your request are currently under review for applicable exemptions, legal privileges and responsiveness. Department of Corrections and Community Supervision estimates it will complete your request and provide a response in writing by 3/17/2023." See Attachment, Letter from NYSDOCCS, dated February 1, 2023.

The main impediment to settlement is the cause of plaintiff's parole hold. As a result of the parole hold, plaintiff was detained for a period of approximately one hundred and sixty (160) days on Rikers Island. It is plaintiff's position that the subject of the false arrest and malicious prosecution claim was the cause of the parole hold. It is defendants' position that plaintiff's two subsequent misdemeanor arrests could have triggered the parole hold, and thus the parole hold is

not attributable to the instant matter. It is both parties' belief that the parole hearing minutes will provide the reason for plaintiff's parole hold, and account for the reason for the one hundred and sixty (160) day detention which remains the central impediment to settlement as it substantially affects the parties' valuation of this case.

Therefore, it is the parties' respectfully request until March 17, 2023 to provide the Court with an update concerning obtaining plaintiff's parole hearing minutes, as that piece of evidence will be instrumental in settlement negotiations.

However, if the Court does not grant the parties' request, the next step would be for the parties to file a proposed joint pretrial order ("JPTO") with the Court. Therefore, if the Court does not grant the parties' extension request to file a status update concerning plaintiff's parole hearing minutes, the parties request until April 7, 2023 to file a JPTO with the Court.

5. **Statement of Previously Scheduled Conferences or Arguments with the Court that have not yet Occurred:**

There are no previously scheduled conferences with the Court that have not yet occurred.

6. **Description of Outstanding Motions:**

There are no outstanding motions pending.

7. **Description of Pending Appeals:**

There are no appeals pending.

8. **Status of Discovery and Depositions:**

The parties have completed discovery and dispositive motion practice, with Hon. Hon. Katherine Polk Failla's issuing an Opinion and Order on Defendants' Motion for Summary Judgement on March 11, 2022. See ECF No. 86, Opinion and Order, March 11, 2022. Depositions of the plaintiff and the four (4) individually named defendants have been conducted. The plaintiff's parole minutes, as detailed in Point Four (4), are essential in order for the parties to reengage in meaningful settlement negotiations.

9. **Status of Settlement Discussions:**

The parties conducted an unsuccessful Settlement Conference with Magistrate Judge Sarah Cave on July 20, 2022. At the conference, it became clear that plaintiff's parole hearing minutes, as detailed in Point Four (4), were essential to have a meaningful settlement negotiation, and the parties began their requests with NYS DOCCS for the minutes.


---

Case 1:19-cv-06754-JHR   Document 113   Filed 02/02/23   Page 5 of 5

**10. Statement of Alternate Dispute Resolution:**

The parties believe that a Settlement Conference will be beneficial once plaintiff's parole hearing minutes are received, and respectfully request to revisit that discussion with the Court upon received with plaintiff's parole hearing minutes.

**11. Estimate of the Length of Trial:**

The parties estimate that trial will last approximately 4 to 5 days.

**12. Additional Information and Request:**

The parties respectfully request that the Court grant an extension until March 17, 2023 to provide the Court with a status update concerning plaintiff's parole hearing transcripts.

The parties thank the Court for its consideration herein.

Respectfully submitted,

/s/ Gregory J.O. Accarino
Gregory J.O. Accarino
*Assistant Corporation Counsel*
Special Federal Litigation Division

Encl.

cc: **By ECF**
Sameer Nath, Esq.
*Attorney for Plaintiff*

The parties' joint request to extend until March 17, 2023, their deadline to file a status letter detailing efforts to obtain Plaintiff's parole hearing transcript is GRANTED. The parties shall also outline steps for proceeding without the relevant information.

SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Date: Feb. 2, 2023

5